# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ADDISON BIOLOGICAL LABORATORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDEX FREIGHT, INC., <br><br> Defendant. | Case No. 2:22-cv-4142-NKL |

## ORDER

Before the Court is Defendant FedEx Freight, Inc.'s Motion to Dismiss, Doc. 7, Plaintiff Addison Biological Laboratory, Inc.'s Complaint, which alleges FedEx damaged goods it carried across state lines. FedEx argues that Addison's two claims, breach of contract and negligence, are preempted by the Carmack Amendment, 49 U.S.C. § 14706, and therefore the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in detail below, Addison's state law claims are preempted by the Carmack Amendment, but the Court will give Plaintiff leave to amend its Complaint. Therefore, FedEx's Motion to Dismiss is GRANTED.

I.  BACKGROUND

Plaintiff Addison, a vaccine manufacturer, employed Defendant FedEx to deliver product from Addison's manufacturer in Ohio to Addison's place of business in Fayette, Missouri. Doc. 1-1 (Complaint), at ¶¶ 1–4. The FedEx truck carrying Addison's product crashed, damaging the product. *Id.* at ¶ 7.

On August 12, 2022, Addison filed this lawsuit in the Circuit Court of Boone County, Missouri. Addison brought claims for breach of contract and negligence against FedEx. The

1

lawsuit was then removed to this Court. FedEx now claims that the Carmack Amendment, 49 U.S.C. § 14706, preempts Addison's claims and, therefore, the Complaint should be dismissed for failure to state a claim upon which relief can be granted. Doc. 7. Addison requested leave to file a First Amended Complaint invoking the proper federal statute, but did not defend its state law causes of action.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party . . . but [is] not bound to accept as true [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal citations and quotation marks omitted).

## III. DISCUSSION

FedEx argues that the Carmack Amendment preempts Addison's breach of contract and negligence claims. The Carmack Amendment limits an interstate carrier's liability for damages to goods transported under interstate bills of lading. The Amendment provides, in relevant part, a "carrier providing transportation or service … shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property[.]" 49 U.S.C. § 14706. The Supreme Court has interpreted the Amendment broadly, holding that "[a]lmost every detail of the subject [interstate common

2

Case 2:22-cv-04142-NKL   Document 16   Filed 12/13/22   Page 2 of 4

carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference it." *Express Co. v. Croninger*, 226 U.S. 491 (1913). Further, the Eighth Circuit has explicitly stated that, "[t]he cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 332 (8th Cir. 1973); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading."); *see also Tyson Fresh Meats, Inc. v. Palmentere Brothers*, 06-cv-0441-RED, 2006 WL 8438387, at *2 (W.D. Mo. July 26, 2006) (dismissing state law claims of negligence, breach of contract, and bailment as they are preempted by the Carmack Amendment).

To begin, Addison does not argue that its state law causes of action escape the preemptive force of the Carmack Amendment. Instead, Addison maintains that it stated a claim under the Carmack Amendment and asks the Court to grant leave to file a First Amended Complaint. Doc. 9, at 1.[1] FedEx does not argue that Addison has failed to state a claim under the federal statute, instead it simply states that the causes of action pled permit different remedies, which are explicitly prohibited by the Amendment.

Some courts consider state law causes of action against interstate carriers to automatically "mutat[e]" into Carmack Amendment claims, without the need for formal amendment. *See U.S.*

---

[1] To establish a prima facie case of damaged goods under the Carmack Amendment, a Plaintiff must establish: 1) the goods were undamaged prior to shipment; 2) the goods arrived at the destination in damaged condition; and 3) the amount of damages. *See Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964).

*Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F.Supp.2d 1322, 1336–37 (S.D. Ala. 2003). While it may not be necessary, it is certainly within the Court's discretion to permit Addison's to file an amended complaint. *Midamerican Energy Co. v. Start Enterprises, Inc.,* 437 F. Supp. 2d 969, 973 (S.D. Iowa 2006). Indeed, this is exactly what FedEx asks the Court to do. Doc. 15, at 2. Accordingly, FedEx's Motion to Dismiss Addison's claims of breach of contract and negligence are hereby GRANTED, and on or before December 30, 2022, Addison shall file an amended complaint relying only on the federal cause of action under the Carmack Amendment.

## IV. CONCLUSION

For the reasons stated above, FedEx's Motion to Dismiss Addison's Complaint, Doc. 7, is GRANTED, and Addison may file an amended complaint on or before December 30, 2022.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 12/13/2022
Jefferson City, Missouri